UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPERATING ENGINEERS HEALTH
AND WELFARE TRUST FUND FOR
NORTHERN CALIFORNIA, et al.,

Plaintiffs,

v.

CAPURRO AG SOLUTIONS, LLC, et al.,

Defendants.

Case No.  22-cv-03004-HSG

**ORDER GRANTING PLAINTIFFS'
MOTION FOR ORDER TO SHOW
CAUSE; ORDER TO SHOW CAUSE**

Re: Dkt. No. 44

Pending before the Court is Plaintiffs' motion for an order to show cause why the Court should not hold Defendants Capurro AG Solutions, LLC and Weston K. Capurro in contempt and impose monetary sanctions against them. *See* Dkt. No. 44.  For the following reasons, the Court **GRANTS** the motion.

On January 11, 2024, this Court adopted Magistrate Judge Westmore's report and recommendation to grant in part Plaintiffs' motion for default judgment.  Dkt. No. 39.  The Court required Defendants to submit to an audit of their books and records, and to pay Plaintiffs all reasonable attorneys' fees in the amount of $15,080.00, and reasonable costs in the amount of $3,248.71.  Dkt. No. 40.  The docket does not reflect that Plaintiffs immediately filed a certificate of service of the default judgment upon Defendants, but Plaintiffs' counsel now declares that in March 2024, his office mailed a letter and a copy of the default judgment order to Defendants at their last known business address, as well as to the individual Defendant at a publicly available address located for his wife.  Dkt. No. 45 (Declaration of Luz E. Mendoza ("Mendoza Decl.")), ¶¶ 5-6, Ex. A.  The docket reflects that these papers were again served by mail on Defendants on November 24, 2025.  Dkt. No. 46.

United States District Court
Northern District of California

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). "The standard for finding a party in civil contempt is well settled:  The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (internal quotation and citation omitted).  Once the moving party does so, the "burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.*

"Plaintiffs are entitled to recover attorney's fees and costs incurred in bringing and prosecuting . . . contempt proceedings." *Inst. of Cetacean Research v. Sea Sheperd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014).  The "cost of bringing the violating to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." *Id.* (citing *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985)).

Plaintiffs have met their burden to show by clear and convincing evidence that Defendants violated a specific order of the Court by failing to comply with the default judgment order. Defendants have not responded to explain why they were unable or unwilling to comply. Accordingly, the Court **ORDERS** Defendants to appear in person before the Court on Thursday, February 19, 2026 at 2:00 p.m. in Courtroom 2, Fourth Floor, Oakland, CA to show cause why the Court should not hold them in contempt and sanction them for failure to comply with the Court's default judgment order.

**IT IS SO ORDERED.**

Dated:  January 26, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

2