Matthew P. Minser, Esq. (SBN 296344)
Luz E. Mendoza, Esq. (SBN 303387)
SALTZMAN & JOHNSON LAW CORPORATION
5100-B1 Clayton Road, Suite 373
Concord, CA 94521
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com
Email: lmendoza@sjlawcorp.com

Attorneys for Plaintiffs Operating Engineers' Health and Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CAPURRO AG SOLUTIONS, LLC, a Suspended California Limited Liability, et al.,<br><br>Defendants. | Case No. 4:22-cv-03004 HSG<br><br>**ORDER AS MODIFIED FINDING DEFENDANTS IN CONTEMPT AND IMPOSING MONETARY SANCTIONS**<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

## I. INTRODUCTION

Before the Court is Plaintiffs Operating Engineers' Health and Welfare Trust Fund for Northern California, et al.'s ("Plaintiffs" or "Trust Funds") Motion for Order to Show Cause Why Defendants Capurro AG Solutions, LLC and Weston K. Capurro (hereinafter collectively, "Defendants") Should Not Be Held in Contempt and for Monetary Sanctions. Dkt. No. 44 (the "OSC Motion").

On January 26, 2026, the Court granted Plaintiffs' OSC Motion and ordered Defendants to appear and show cause why they should not be held in contempt and sanctioned for failure to comply with the Court's January 11, 2024, Judgment. Dkt. No. 51. As discussed below, Defendants did not appear at the OSC hearing and have continued to disobey this Court's orders.

Having considered the record, including Plaintiffs' submissions, the Court's prior orders, and Defendants' failure to comply, the Court hereby **FINDS** Defendants in civil contempt and **ORDERS** sanctions as set forth below.

## II. BACKGROUND

### Judgment (Dkt. No. 40)

1. On January 11, 2024, this Court entered Judgment against Defendants Capurro AG Solutions, LLC and Weston K. Capurro. Dkt. No. 40. The Judgment specifically required that Defendants:

> (1) submit to an audit of their payroll records for the period of April 1, 2020, through August 31, 2023; and
>
> (2) pay Plaintiffs $18,328.71 in attorneys' fees and costs.

Dkt. No. 40.

### Notice of Judgment

2. Plaintiffs served Defendant Capurro AG Solutions LLC with the Judgment on March 14, 2024, via U.S. Mail at 164 Las Colinas Drive, Watsonville, CA 95076. This address is listed as the Corporation's principal place of business, mailing address, and address for Defendant Weston Capurro, the Agent for Service of Process, on the California Secretary of State website. *See* Dkt. No. 45, ¶¶ 5–6, & Exhibit A.

3. Defendants failed to respond to Plaintiffs' Notice of Judgment. *See* Dkt. No. 45, ¶¶ 8–9.

**Plaintiffs' Motion for Order to Show Cause Re Contempt and Monetary Sanctions for Failure and Refusal to Comply with Judgment (Dkt. Nos. 44–45)**

4. On November 24, 2025, Plaintiffs filed a Motion for Order to Show Cause regarding Contempt and Monetary Sanctions as a result of Defendants' Failure and Refusal to Comply with the Judgment. *See* OSC Motion.

5. Plaintiffs' OSC Motion requested that the Court Order the following:

a. That Defendants be held in civil contempt of this Court for failure to comply with the Court's January 11, 2024, Judgment;

b. That Defendants must permit Plaintiffs' Auditors to conduct and complete an audit of all books and records required under the Judgment, covering the period April 1, 2020, through August 31, 2023;

c. That Defendants pay to Plaintiffs the total sum of $18,328.71 in attorneys' fees and costs as required by the Judgment.

d. As a further sanction for Defendants' contempt and to compensate Plaintiffs for the fees incurred in bringing this motion, that Defendants jointly and severally pay Plaintiffs the additional amount of $3,416.00 incurred in attorneys' fees to bring their OSC Motion.

**Service of Motion for Order to Show Cause (Dkt. No. 46)**

6. That same day, Plaintiffs served Defendants with the Motion via U.S. Mail at 164 Las Colinas Drive, Watsonville, CA 95076. This address is listed as the Corporation's principal place of business, mailing address, and address for the Agent for Service of Process on the California Secretary of State website. Plaintiffs filed a Proof of Service on November 24, 2025. Dkt. No. 46; *see also* Dkt. No. 45, Ex. B (listing the 164 Las Colinas Drive address as the most up-to-date address on California Secretary of State website).

//

//

**Service of Court's Notice Directing Plaintiffs to Re-Notice the Motion for Order to Show Cause (Dkt. Nos. 47–49)**

7. On November 25, 2025, the Court issued a Notice directing Plaintiffs to appropriately re-notice the Motion. Dkt. No. 47.

8. On November 26, 2025, Plaintiffs filed an amended Notice of Motion. Dkt. No. 48.

9. On November 26, 2025, Plaintiffs served the Court's November 25, 2025, Notice and Plaintiffs' Amended Notice of Motion on Defendants via U.S. mail at Defendants' last known address: 164 Las Colinas Drive, Watsonville, CA 95076. Plaintiffs filed a Proof of Service that same day. Dkt. No. 49.

10. On December 1, 2025, Plaintiffs served Defendants by U.S. Mail at the Las Colinas Drive address with the Court's ECF notice regarding the scheduled Motion hearing. Plaintiffs filed a Proof of Service on December 1, 2025. Dkt. No. 50.

**Initial Communications with Defendant Weston Capurro (Dkt. No. 60)**

11. The Court is informed by Plaintiffs that on January 20, 2026, Defendant Weston Capurro e-mailed Plaintiffs' Counsel expressing a desire to settle the matter, thereby confirming receipt of Plaintiffs' Motion. *See* Dkt. No. 60 ("Mendoza Decl.") at ¶ 12.

12. The Court is informed by Plaintiffs that on January 23, 2026, Plaintiffs' Counsel responded to Defendant Weston Capurro's e-mail, reminding him of the Court's Judgment against Defendants, which ordered that Defendants (1) comply with the Trust Funds' audit request for the period of April 1, 2020 through August 31, 2023, (2) and pay any amounts found due on the audit, and (3) pay the Trust Funds $18,328.71 in attorneys' fees and costs ($15,080.00 in attorneys' fees and $3,248.71 in costs). The Court is informed by Plaintiffs that Plaintiffs' Counsel provided Mr. Capurro with the Trust Funds' Auditors' contact information to schedule the audit and provided him with the address where payment for amounts owed to Plaintiffs should be sent. *Id*. at ¶ 13.

13. The Court is informed by Plaintiffs that Mr. Capurro responded indicating he had retained counsel who would reach out. *Id*. at ¶ 14.

14. The Court is informed by Plaintiffs that despite Plaintiffs' Counsel's multiple follow-up

requests for counsel's contact information on January 26, January 27, and February 3, 2026, Mr. Capurro did not respond for over a week. *Id.* at ¶ 15.

**<u>Court's Order Granting Plaintiffs' Motion for Order to Show Cause (Dkt. No. 51)</u>**

15. On January 26, 2026, the Court issued an Order granting Plaintiffs' Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt and for Monetary Sanctions (the "Order"). Dkt. No. 51.

**<u>Service of Court's Order Granting</u>**
**<u>Plaintiffs' Motion for Order to Show Cause (Dkt. No. 52)</u>**

16. ***Service by Mail*****:** On January 26, 2026, Plaintiffs served the Court's Order by U.S. mail on Defendants at the following addresses for the reasons stated below:

- <u>164 Las Colinas Drive, Watsonville, CA 95076 ("Las Colinas");</u>
  - Address listed as the Corporation's principal, mailing, and agent for service of process's address on the California Secretary of State;
- <u>2447 Tuckahoe Ter., Royal Oaks, CA 95076 ("Tuckahoe Ter.");</u>
  - A LexisNexis Public Records search of Defendant Weston K. Capurro indicated that his wife Regina E. Webb resides at this Tuckahoe Ter. address;
- <u>240 San Miguel Canyon Rd., Royal Oaks, CA 95076 ("San Miguel Canyon")</u>
  - A LexisNexis Public Records search of Defendant Weston K. Capurro indicated that Mr. Capurro currently resides at this address.

Dkt. No. 60 at ¶ 17.

Plaintiffs filed a Proof of Service with the Court on January 26, 2026. Dkt. No. 52.

17. ***Attempts at Personal Service:*** Between January 27, 2026, and February 4, 2026, process servers attempted personal service at all three locations:

- Las Colinas address:
  - On January 27, 2026, the process server attempted to personally serve the Court's Order on Defendants at the Las Colinas address, but were informed by the occupant, who stated he was Defendant Weston K. Capurro's brother, that Defendant Weston

K. Capurro did not reside there and that the property belonged to their mother.

- San Miguel Canyon address:
  - On January 27 and January 30, 2026, the process server attempted personal service of the Court's Order but was unable to access the property.
- Tuckahoe Ter. address:
  - On February 4, 2026, the process server served the Court's Order on Defendants at this address by leaving the document with Defendant Weston Capurro's mother-in-law, followed by a mailing on February 5, 2026.

*See* Dkt. No. 60, ¶ 18; *see also* Dkt. No. 52 (proof of service the Order was sent by U.S. mail to Defendants at all three addresses listed above); Dkt. No. 55 (affidavits of due diligence and proofs of service).

18. On February 18, 2026, Plaintiffs filed Affidavits of Due Diligence regarding the unsuccessful personal service attempts at the Las Colinas and San Miguel Canyon addresses as well as Proofs of Service for Defendants at the Tuckahoe Ter. address. *See* Dkt. No. 60, ¶ 19; Dkt. No. 55.

19. Plaintiffs' Proofs of Service and Affidavits of Due Diligence detail their exhaustive efforts to personally serve Defendants. *See* Dkt. No. 60, ¶ 20; Dkt. No. 55.

**<u>Defendants' Confirmed Address</u>**

20. The Court is informed by Plaintiffs that on February 11, 2026, Mr. Capurro confirmed with Plaintiffs' Counsel via e-mail that the ***240 San Miguel Canyon Road*** address is the only valid address for service of process on Defendants. *See* Dkt. No. 60, ¶ 26.

**<u>Notice rescheduling the OSC Motion hearing</u>**

21. On February 13, 2026, the Court issued a Notice rescheduling the OSC Motion hearing. Dkt. No. 53.

**<u>Service of Court's Order rescheduling the OSC Motion hearing</u>**

22. On February 17, 2026, Plaintiffs served the Court's February 13, 2026, Notice on Defendants by U.S. mail at the San Miguel Canyon address which Mr. Capurro previously confirmed. Plaintiffs also sent the same to Defendant Weston Capurro via email. Plaintiffs filed a Proof of Service

with the Court that same day. Dkt. No. 54.

**Hearing on Plaintiffs OSC Motion**

23. On February 19, 2026, the Court held a hearing on Plaintiffs' OSC Motion.

24. Weston Capurro failed to appear at the February 19, 2026, hearing on the Court's Order to Show Cause. Mr. Capurro also failed to submit any written response, evidence, declaration, or other explanation showing inability to comply with the Judgment.

25. As reflected in the Court's Minute Entry (Dkt. No. 58), the Court directed Plaintiffs' Counsel to e-file a declaration detailing the service process and any communications with the defendant since Plaintiffs' OSC Motion.

26. On February 23, 2026, Plaintiffs served the Court's February 19, 2026, Minute Entry on Defendants by U.S. mail at the San Miguel Canyon address and also via e-mail to westoncapurro@outlook.com. Plaintiffs filed a Proof of Service with the Court that same day. Dkt. No. 59; *see also* Dkt. No. 60, ¶ 36.

**Plaintiffs' Counsel's Declaration re Service of Process and Communication with Defendants**

27. On February 26, 2026, Plaintiffs filed the Mendoza Declaration. Dkt. No. 60.

28. Plaintiffs' Counsel's Declaration describes that Plaintiffs' Counsel has kept Defendants apprised of its obligations pursuant to the Court's Order Granting Plaintiffs' Motion for OSC (Dkt. No. 51) and Plaintiffs have been diligent in their attempts to reach resolution.

29. The Court is informed by Plaintiffs that on February 26, 2026, Plaintiffs Counsel's office sent an email to Mr. Capurro at westoncapurro@outlook.com attaching the Mendoza Declaration. Dkt. No. 61 at ¶ 7. The Court is informed by Plaintiffs that Mr. Capurro failed to respond. *Id*.

**Plaintiffs' March 12, 2026, Status Report (Dkt. No. 61)**

30. On March 12, 2026, pursuant to discussions at the hearing on Plaintiffs' OSC Motion and as directed in the Court's subsequent Minute Entry (Dkt. No. 58), Plaintiffs filed a Status Report regarding efforts made to resolve this matter with Defendants. Dkt. No. 61. Plaintiffs' status report indicates the following:

a. On March 2, 2026, after having confirmed that no payment had been received,

Plaintiffs' Counsel emailed Mr. Capurro informing him that the payment he indicated was sent towards the outstanding judgment had not been received. Plaintiffs' Counsel asked Mr. Capurro where the check was mailed and to provide a copy of the check by end of day. Mr. Capurro failed to respond to this email.

b. On March 2, 2026, Plaintiffs' Counsel confirmed with Plaintiffs' Auditors that Defendants provided limited documentation in response to the audit. Plaintiffs' Auditors informed Plaintiffs' Counsel that they provided Defendants with a March 6, 2026, deadline to submit the requested documents.

c. On March 4, 2026, Plaintiffs sent a follow-up email to Mr. Capurro informing him again that no payment was received.

d. On March 5, 2026, Mr. Capurro responded to Plaintiffs' Counsel's March 4, 2026, email stating: "*I'll have image of check converted to a PDF and resend. Should have final bank statements to auditor by tomorrow as well. Check was mailed to your office I believe but will confirm.*"

e. On March 6, 2026, Plaintiffs' Counsel emailed Mr. Capurro confirming that no payment or audit documentation had been received, requesting that Mr. Capurro confirm where the check was mailed, that he provides a copy of the check, and that he inform Plaintiffs when the remaining balance on the Judgment would be paid. Mr. Capurro failed to respond.

f. On March 9, 2026, Plaintiffs' Auditors informed Plaintiffs' Counsel that Defendants failed to respond or submit the outstanding documentation needed to complete the audit.

g. On March 9, 2026, Plaintiffs' Counsel emailed Mr. Capurro confirming no payment had been received, that Plaintiffs would proceed to enforce the judgment without further notice and request that the court sanction Defendants for their failure to comply with the Judgment if no response was received, and requesting audit compliance with the list of the outstanding documents.

h. On March 11, 2026, the Trust Funds' Administrator confirmed to Plaintiffs' Counsel that no payment had been received to date.

*See* Dkt. No. 61, ¶ 7.

31. On March 13, 2026, Plaintiffs served their March 12, 2026, Status Report on Defendants by U.S. mail at the San Miguel Canyon address and also via e-mail to westoncapurro@outlook.com. Plaintiffs filed a Proof of Service with the Court that same day. Dkt. No. 62.

**Clerk's Notice Setting Case Management Conference re Dkt. No. 61**

32. On April 20, 2026, the Court Clerk issued a Notice Setting a Case Management Conference Regarding Plaintiffs' Status Report. Dkt. No. 63.

33. On April 20, 2026, Plaintiffs Counsel e-mailed Defendants to provide Defendants with a copy of the Court Clerk's Notice (Dkt. No. 63) and to follow up regarding Defendants' obligations. Plaintiffs confirmed that no response was received. *See* Dkt. No. 65 at ¶ 23.

34. On April 21, 2026, Plaintiffs served the Clerk's Notice Setting a Case Management Conference on Defendants by U.S. mail at the San Miguel Canyon address. Plaintiffs filed a Proof of Service with the Court that same day. *See* Dkt. No. 64.

**Case Management Conference Statement**

35. On April 28, 2026, Plaintiffs filed their Case Management Conference Statement with the Court along with their Proof of Service of the same on Defendants. *See* Dkt. No. 65. Plaintiffs' Statement indicated the following:

a. On April 20, 2026, the Trust Funds' Auditor confirmed that Defendants have continued to fail to comply with the audit.

b. On April 21, 2026, the Trust Funds' Administrator confirmed that no payment has been received to date.

c. Plaintiffs requested that the Court issue an Order holding Defendants in contempt and sanctioning Defendants for their failure to comply with the Court's default judgment order, as discussed in this Court's Order Granting Plaintiffs' Motion for Order to Show Cause; Order to Show Cause. (Dkt. No. 51.)

*See* Dkt. No. 65 at ¶¶ 24–25, 27.

**<u>May 5, 2026, Case Management Conference</u>**

36. On May 5, 2026, the Court held a Case Management Conference. Plaintiffs' Counsel appeared at the Case Management Conference. Again, Defendant Weston Capurro failed to appear at the Case Management Conference and did not submit any written response, evidence, declaration, or other explanation showing inability to comply with the Judgment or the Court's prior Order.

## III. LEGAL STANDARD

"Civil contempt [] consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (quotation omitted). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (internal quotation and citation omitted). Once the moving party does so, the "burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.* (quotation omitted)

Plaintiffs may "recover attorney's fees and costs incurred in bringing and prosecuting . . . contempt proceedings." *Inst. of Cetacean Research v. Sea Sheperd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014). The "cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." *Id.* (citing *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985)) (quotation omitted).

## IV. DISCUSSION

### A. The Court has authority to impose sanctions against Defendants for failure to comply with the judgment.

A federal district court has the authority to impose monetary sanctions against a defendant who disobeys a court order. As the Ninth Circuit has explained:

> Civil contempt occurs when a party fails to comply with a court

> order. Failure to comply need not be intentional.

*General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (citations omitted). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Id.* at 1380. The Ninth Circuit has further explained:

> The power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of duties imposed on them by law.

*See Inst. Of Cetacean Research*, 774 F.3d at 957–58.

Sanctions for contempt may also include the award of attorneys' fees and costs incurred in bringing such a motion for contempt. *Id.* at 958–59; *see also Parsons v. Ryan*, 949 F.3d 443, 455–56 (9th Cir. 2020) (confirming district court's inherent authority to issue civil contempt orders and sanctions for violations of a court order, provided they are "coercive" or "compensatory" instead of "punitive").

Further, a court may hold an officer of a defendant corporation in contempt of court for the corporation's failure to comply with a court order because an officer of the corporation is the one responsible for the corporation's affairs, and thus is subject to the court's order just as the corporation itself is. *Cf. Vasquez v. Libre by Nexus, Inc.*, 2023 WL 360242, at *10–11 (N.D. Cal. Jan. 23, 2023) (finding non-party corporate officers in civil contempt for company conduct).

**B. Defendants failed to comply with the Judgment and have disobeyed the Court's orders.**

Pursuant to this Court's January 11, 2024, Judgment, Defendants were ordered to submit to an audit of their books and records, including all outstanding contribution reports, covering the period of April 1, 2020, through August 31, 2023. Dkt. No. 40. In addition, pursuant to the Court's January 11, 2024, Judgment, Defendants were ordered to pay Plaintiffs the sum of attorneys' fees and costs in the

total amount of $18,328.71 ($15,080.00 for attorneys' fees and $3,248.71 in costs). *See.* Dkt. No. 40.

As explained above, Defendants have failed to respond, comply with the audit, submit their outstanding contribution reports, and pay the attorneys' fees and costs as ordered by the Court. *See* Dkt. No. 45 and Exhibit A attached thereto.

In addition, since the Court's January 26, 2026, Order Granting Plaintiffs OSC Motion (Dkt. No. 51) and February 19, 2026, hearing, Defendants:

- Failed to attend any of the scheduled and noticed hearings;
- Failed to provide the required audit documents despite deadlines;
- Failed to make promised payments to Plaintiffs;
- Failed to provide proof of any payment; and
- Ceased responding to Plaintiffs' communications.

Defendants' repeated failure to comply, despite notice, opportunity, and Defendants' representations of forthcoming compliance, constitutes disobedience of the Court's orders.

**C. Plaintiffs are awarded their requested attorneys' fees.**

Plaintiffs' OSC Motion requests an award of their attorneys' fees and costs in bringing their OSC Motion. Dkt. No. 44 at 4. ERISA § 502(g)(2) requires the Court to award Plaintiffs "reasonable attorney's fees and costs of the action" when Plaintiffs obtain a judgment in their favor or otherwise obtain the relief sought. *Nw. Adm'rs., Inc. v. Albertson's, Inc.*, 104 F.3d 253, 258 (9th Cir. 1996) (citing 29 U.S.C § 1132(g)(2)) (noting provision is "mandatory, not discretionary"). Similarly, the Bargaining and Trust Agreements provide that Defendants must pay all reasonable attorneys' fees and costs incurred in relation to the collection of delinquent contributions.

Here, Plaintiffs' Motion for Default Judgement was granted in part, *see* Dkt. No. 39, requiring that Defendants comply with the audit and pay Plaintiffs' attorneys fees and costs in the total amount of $18,328.71, *see* Dkt. No. 40.

Given Defendants' failure to comply with the Judgment, Plaintiffs filed their OSC Motion seeking a total of $3,416.00 in attorneys' fees for the time involved in drafting their OSC Motion representing the time from March 22, 2024, through May 31, 2024. *See* Dkt. No. 45 at ¶¶ 13–17, &

Exhibit C.

Based on the record to date, including Defendants' disobedience of all Court orders, Defendants are sanctioned in the amount of $3,416.00 for the additional attorneys' fees and costs Plaintiffs incurred as a result of Defendants' failure to comply with this Court's January 11, 2024, Judgment.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## V. CONCLUSION / ORDER

The Court **ORDERS**:

1. Pursuant to this Court's January 26, 2026, Order, Defendants are found to be in civil contempt of this Court for failure to comply with the Court's January 11, 2024, Judgment.

2. Defendants shall within fourteen (14) days of the date of this Order:

   a. Permit Plaintiffs' Auditors to conduct and complete an audit of all books and records required under the Judgment, covering the period April 1, 2020, through August 31, 2023;

   b. Pay to Plaintiffs the total sum of **$18,328.71** in attorneys' fees and costs as required by the Judgment. Payment shall be made payable to "Operating Engineers Trust Funds" and shall be sent to Plaintiffs' Counsel of Record at the above-captioned address.

3. As a further sanction for Defendants' contempt and to compensate Plaintiffs for the fees incurred in bringing this motion, Defendants shall, within fourteen (14) days of the date of this Order, jointly and severally pay Plaintiffs the additional amount of **$3,416.00** in attorneys' fees. Payment shall be made payable to "Operating Engineers Trust Funds" and shall be sent to Plaintiffs' Counsel of Record at the above-captioned address.

4. Failure by Defendants to fully comply with this Order may result in additional relief as the Court deems appropriate.

5. Plaintiffs shall serve a copy of this Order upon both Defendants by means reasonably calculated to provide actual notice and shall file proof of service with the Court.

**IT IS SO ORDERED.**

Dated: 8/17/2026

Haywood S. Gill Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge